UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF FLORIDA

CASE NO.:

CAMERON MOORE,

   Plaintiff,

v.

JASMINE REDD,

   Defendant.
_____/

**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF**

     The Plaintiff, CAMERON MOORE ("MOORE"), by and through his undersigned counsel, hereby files his Complaint against the Defendant, JASMINE REDD ("REDD"), and alleges as follows:

**Parties, Jurisdiction, and Venue**

     1.    This is an action for damages and equitable relief for defamation, violations of Florida Statutes § 934.03, § 934.10, and Florida's invasion of privacy laws.

     2.    Plaintiff, CAMERON MOORE, is an individual and resident of Palm Beach County, Florida.

     3.    Defendant, JASMINE REDD, is an individual and resident of the State of Utah.

     4.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a), as the amount in controversy exceeds $75,000.00 exclusive of interest and costs, and the action is between citizens of different states.

5. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claims occurred in this judicial district, specifically in Palm Beach County, Florida.

## Factual Allegations

6. MOORE is a businessman and fundraiser for non-profit organizations.

7. In or about August through November 2023, REDD and MOORE were in a romantic relationship and regularly communicated by phone while MOORE was located in Palm Beach County, Florida.

8. During these communications between MOORE and REDD, REDD secretly and without MOORE's consent recorded several private conversations.

9. These recordings took place while MOORE was in Florida and REDD was in Utah or elsewhere, without MOORE's knowledge or authorization.

10. Moreover, REDD also recorded a private conversation between herself and MOORE while they were together in Palm Beach County, Florida.

11. Florida is a two-party consent state under Florida Statute § 934.03, and it is unlawful to record oral communications without the consent of all parties involved in the communication.

12. On or about November 1, 2023, MOORE and REDD attended a private dinner along with another couple, Maria and John Selloni.

13. Prior to MOORE and REDD attending dinner with Maria and John Selloni, Maria Selloni had befriended REDD.

14. The following day after MOORE and REDD attended dinner with Maria and John Selloni, on or about November 2, 2025, REDD admitted to MOORE that she had recorded multiple

2

conversations between them without MOORE's consent, including the private conversation they had that day in Palm Beach County, Florida, and showed him 8-10 such recordings on her phone.

15. MOORE immediately objected to REDD's conduct, informed her that the recordings were illegal under Florida law, and followed up with a text message reiterating his objection and citing the applicable law.

16. REDD subsequently unlawfully disseminated at least one of the unauthorized recordings to third parties, including Maria Selloni and Phil Lyman (who is a professional acquaintance of MOORE's).

17. It is known that REDD provided the audio and or a transcript of at least one recording to Maria Selloni, who then distributed the recording to others, including members and staff of a private venue in Palm Beach County.

18. It was also later discovered by MOORE that REDD shared the audio with Phil Lyman.

19. Furthermore, REDD also spread a nasty and false lie about MOORE to Maria Selloni, and later Phil Lyman, in which she falsely stated that MOORE had "forced himself inside of her", sexually assaulted her and intentionally tried to impregnate her.

20. The recording disclosed private, emotional, and sensitive conversations between MOORE and REDD, including personal matters and statements MOORE made in confidence.

21. REDD's interception and dissemination of the recording, along with the defamatory statements that she made to third parties, were intended to cause MOORE emotional distress, embarrassment, and reputational harm.

22. As a result of REDD's defamatory statements, coupled with her interception and dissemination of the recording, MOORE has suffered emotional distress, loss of reputation in his business and social circles, and interference with relationships and fundraising efforts.

### Count I – Violation of Florida Statute § 934.10

23. MOORE realleges and incorporates Paragraphs 1 through 22 as if fully set forth herein.

24. REDD knowingly and intentionally recorded oral communications with MOORE, including conversations that were secretly recorded in Palm Beach County, Florida without his consent in violation of Florida Statute § 934.03.

25. REDD subsequently disclosed and/or used the unlawfully recorded oral communications in violation of Florida Statute § 934.10. It is known that REDD unlawfully disseminated one of the recordings to Maria Selloni while she was in Palm Beach County, Florida.

26. MOORE did not authorize REDD to record or disseminate any such conversations or recordings of conversations.

27. REDD's actions were willful, intentional, and were not made in reliance on any court order, subpoena, or lawful authorization.

28. As a result of REDD's violation of Florida Statute § 934.10, MOORE is entitled to preliminary and permanent injunctive relief, actual damages, including but not limited to emotional distress, reputational harm, and economic losses.

29. Furthermore, MOORE is entitled to statutory liquidated damages of $100.00 per day of violation or $1,000.00, whichever is greater, punitive damages, and reasonable attorney's fees and litigation costs.

WHEREFORE, the Plaintiff, CAMERON MOORE, demands judgement against the Defendant, JASMINE REDD, for preliminary and permanent injunctive relief, actual damages including emotional distress and reputational harm, statutory liquidated damages, punitive damages, reasonable attorney's fees and litigation costs, and such further relief as this Court deems just and proper.

## Count II – Invasion of Privacy

30. MOORE realleges and incorporates Paragraphs 1 through 22 as if fully set forth herein

31. REDD intentionally intruded upon MOORE's seclusion by secretly recording his private conversations.

32. REDD's intrusion was highly offensive to a reasonable person and was not justified by any legitimate reason.

33. REDD further invaded MOORE's privacy by disseminating the content of those private conversations to third parties.

34. The subject matter of the conversations was not of public concern and included personal, emotional, and sensitive matters.

35. REDD's actions caused MOORE to suffer emotional distress, embarrassment, reputational harm, and economic loss.

WHEREFORE, the Plaintiff, CAMERON MOORE, demands judgement against the Defendant, JASMINE REDD, for compensatory damages including emotional distress and reputational harm, punitive damages, costs, and such further relief as this Court may deem just and proper.

**Count III – Defamation Per Se**

36. MOORE realleges and incorporates Paragraphs 1 through 21 as if fully set forth herein.

37. On or about November 2, 2023, REDD defamed MOORE by communicating several false statements to at least two third parties, Maria Selloni and Phil Lyman. Upon information and belief, REDD has communicated these same false statements to other third parties.

38. REDD knowingly made false statements to Maria Selloni that MOORE "forced himself inside of her", sexually assaulted her and intentionally tried to impregnate her.

39. REDD later repeated these same false statements to Phil Lyman, who was a professional acquaintance of MOORE's, that MOORE "forced himself inside of her", sexually assaulted her and intentionally tried to impregnate her.

40. These statements were false, and REDD knew that the statements were false at the time that she communicated them to Maria Selloni, Phil Lyman, and to possible other third parties.

41. The false statements made by REDD regarding MOORE have and will continue to cause damage to MOORE's reputation due to the very nature of the statements and their falsity.

42. Besides Maria Selloni and Phil Lyman, it is unknown the full extent of people to whom REDD told the false and defamatory statements or the number of people to whom the lies were spread amongst. This information will be determined by the use of discovery in this case.

43. These defamatory statements were not ones of REDD's own personal opinion and were knowingly false lies about MOORE regarding his conduct toward REDD.

44. The statements do not fall into a privileged category and were of the type presumed to cause damage and irreparable harm to MOORE's reputation.

45. Here, REDD did "publicize", or make known, vicious lies that "forced himself inside of her", sexually assaulted her and intentionally tried to impregnate her.

46. REDD manufactured these false statements regarding MOORE and then purposefully publicized them to Maria Selloni, Phil Lyman, and potentially other third parties.

47. REDD acted with willfulness, wanton, and reckless disregard for the effect that the false statements would have on MOORE's reputation.

48. Lastly, the statements made by REDD about MOORE were false and damaging to MOORE's reputation, and therefore defamatory.

49. MOORE is not obligated to prove damages in a defamation per se action because malice and the occurrence of damage are both presumed from the nature of the defamation.

50. The defamatory statements made by REDD regarding MOORE tend to subject MOORE to hatred, distrust, ridicule, contempt, and disgrace.

51. The defamatory statements made by REDD about MOORE have done irreparable harm to MOORE's reputation and standing in the community and beyond.

WHEREFORE, the Plaintiff, CAMERON MOORE, demands judgement against the Defendant, MARIA SELLONI, for compensatory damages, loss of reputation, nominal damages, presumed damages, and emotional damages, all of which are associated with the defamatory statements at issue, and for such further relief that this Court may deem just and proper. Furthermore, CAMERON MOORE requests that this Court grant a permanent injunction to prohibit JASMINE REDD from disparaging the Plaintiff

**DEMAND FOR JURY TRIAL**

The Plaintiff, CAMERON MOORE, hereby demands a trial by jury on all issues so triable.

DATED: September 5, 2025.

Respectfully submitted,

THE SASSON LAW FIRM
2500 North Military Trail, Suite 240
Boca Raton, Florida 33431
Telephone: (561) 246-5085
Email: jamie@sassonlawfirm.com

By: /s/ Jamie Alan Sasson
JAMIE ALAN SASSON, ESQ.
Florida Bar No. 10802
Counsel for Plaintiff